Note: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3307

E.L. MCINTOSH,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

E.L. McIntosh, of San Antonio, Texas, pro se.

Devin A. Wolak, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent. With him on the brief were Jeanne E. Davidson, Director, and Harold D. Lester, Jr., Assistant Director.

Appealed from: Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3307

E.L. MCINTOSH,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Petition for review of the Merit Systems Protection Board in DA0831070032-I-1.

_____

DECIDED: February 7, 2008

_____

Before MAYER, DYK and MOORE, Circuit Judges.

PER CURIAM.

E.L. McIntosh seeks review of the decision of the Merit Systems Protection Board affirming the decision of the Office of Personnel Management ("OPM") denying his request to submit his military pay deposit into the Civil Service Retirement System ("CSRS") fund after the regulatory deadline of his retirement. McIntosh v. Office of Pers. Mgmt., MSPB No. DA0831070032-I-1 (June 20, 2007). We affirm.

We affirm a decision of the board unless it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). McIntosh bears the burden of demonstrating

by a preponderance of the evidence that administrative error prevented his timely military deposit, so that he should be afforded the opportunity to make late payment and thereby avoid a reduction in his annuity.  See 5 C.F.R. § 1201.56(a)(2).  An administrative error includes a situation in which an employee directly inquires about the amount of the military deposit or the consequences of failing to make the deposit, and the government's response misrepresents the monetary consequences of the deposit requirement, "or is so indirect, inaccurate, or incomplete as to confuse or mislead the employee as to the amount of the deposit or the effect of any failure to make the deposit on the annuity recalculation."  McCrary v. Office of Pers. Mgmt., 459 F.3d 1344, 1349 (Fed. Cir. 2006).  The law does not require the government to specifically inform a non-inquiring annuitant about the monetary consequences of his election.  Collins v. Office of Pers. Mgmt., 45 F.3d 1569, 1573-74 (Fed. Cir. 1995).

McIntosh acknowledges that he attended a retirement counseling session on February 9, 1999, prior to his retirement.  During that session, he received Standard Form 3107, "Application for Immediate Retirement", which included instruction on the CSRS military service rules, and the need to pay the 7 percent deposit before retirement.  In response to whether he paid the deposit to his agency for post-1956 military service, he checked the "No" box.  McIntosh argues that he should have been given more detailed information at his retirement counseling session, but does not profess to have requested additional information or to have asked questions about the military pay deposit.  Because he posed no queries, the government could not have committed administrative error by way of a misleading or confusing response.  Further, on Standard Form 3107-1, "Certified Summary of Federal Service", he signed and dated

a certification stating: "I have been counseled about the effects of not paying a deposit for my post-1956 military service."

The board reviewed McIntosh's evidence and deemed it insufficient to show that the government committed administrative error causing or contributing to his failure to make the deposit on time. There is substantial evidence to support this determination. 5 U.S.C. § 7703(c)(3).